# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JACOB FAY LUKE, SR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-11347** |
| **TROOPER ANTHONY DORRIS, ET AL.** | **SECTION "A"(4)** |

## ORDER AND REASONS

The plaintiff, Jacob Fay Luke, Sr., filed a **"Motion to Order Video Footage" (Rec. Doc. No. 10)** which, under a broad reading, requests that the Court order the officer's body camera video footage, if any, from plaintiff's criminal court proceedings in the 32nd Judicial District Court for Terrebonne Parish, Louisiana. Luke filed the instant complaint under 42 U.S.C. § 1983 alleging that the defendants used excessive force against him at the time of his arrest on April 11, 2019. *See* Rec. Doc. No. 1. The Court also held a *Spears* Hearing on September 16, 2019.[1]

At this time, there are no hearings or trials scheduled in this case at which any such evidence would be required by the Court. Discovery deadlines also have not been scheduled. In addition, the fact that Luke is proceeding *pro se* and as a pauper does not entitle him to avoid the costs of discovery or the costs of serving any necessary subpoenas to obtain the item he seeks. *See also Badman v. Stark*, 139 F.R.D. 601, 604-05 (M.D. Pa. 1991).[2] Luke instead must present any

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). The purpose of the *Spears* Hearing is to ascertain what the prisoner alleges occurred and the legal basis for the claims. The information received is considered an amendment to the complaint or a more definite statement under Fed. R. Civ. P. 12(e). *Wilson v. Barientos*, 926 F.2d 480, 482 (5th Cir. 1991).

[2] The Court finds this case informative. In *Badman*, the court noted: "The Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena *duces tecum*. That the court may order a discovering party to pay the reasonable costs of a non-party's compliance with a subpoena *duces tecum* finds support among said Rules." *Badman*, 139 F.R.D. at 605 (citations omitted). Plaintiff has made no provision for the costs of obtaining this discovery and it is appropriate to deny a request for the issuance of subpoenas *duces tecum*. *Id.*

discovery and production requests directly to the appropriate party or non-party in accordance with Rules 34 and/or 45 of the Federal Rules of Civil Procedure. *Maloney v. State Farm Fire & Casualty, Co.*, No. 06-9183, 2008 WL 1850774, at * 2 (E.D. La. Feb. 20, 2015) (citing *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)) (*pro se* litigants are not exempt from complying with the procedural and substantive rules of law). Luke also must establish or certify that he conferred or attempted to confer with the defendants, the non-party, or their counsel as required by Rule 37(a)(1) before seeking the Court's assistance with discovery. Accordingly,

**IT IS ORDERED** that Luke's **Motion to Order Video Footage (Rec. Doc. No. 10)** is **DENIED**.

New Orleans, Louisiana, this  6th  day of January, 2020.


_____
**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**